```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        NORTHERN DIVISION


CLIFFORD S. MARTIN,             :
                                :
    Plaintiff,                  :
                                :
vs.                             :   CIVIL ACTION 15-00075-CG-B
                                :
UNITED STATES DEPARTMENT        :
OF AGRICULTURE, et al.,         :
                                :
    Defendants.                 :
```

**REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding pro se, filed a self-styled complaint and a motion to proceed as a pauper.[1] (Docs. 1, 2). Plaintiff's motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Local Rule 72.2(c)(1) provides for the automatic referral of a non-dispositive pretrial matter, such as Plaintiff's motion, to a magistrate judge. After careful consideration of the matters contained in the Court's file in this action, it is the undersigned's recommendation that this action be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] Although Martin initially sought to include several individuals as Plaintiffs in this action, he is the sole Plaintiff. *See* Court Order dated February 25, 2015 Order. (Doc. 3 at 4). Accordingly, the Clerk is **DIRECTED** to modify the docket sheet so that Martin is listed as the sole Plaintiff in this action.

**I.  Consolidated Amended Complaint. (Docs. 4,5,7).**

After the Court reviewed Martin's complaint (Doc. 1) and motion (Doc. 2), the Court ordered him to file his motion on the Court's form for a motion to proceed without prepayment of fees and to file an amended complaint that complied with the pleading directives contained in the Court's order.  (Doc. 3).  Martin filed an amended complaint (Doc. 4), a motion to proceed on plausibility, factual content (Doc. 5), a motion to proceed without prepayment of fees (Doc. 6) and a motion to amend complaint (Doc. 7).  His amended complaint, motion to proceed on plausibility, factual content and motion to amend complaint are all being treated as a consolidated amended complaint.[2]  (Docs. 4, 5, 7).  Because Martin is seeking to proceed without prepayment of fees, this Court is required to screen the consolidated amended complaint.  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying to non-prisoner actions § 1915(e), which requires the dismissal of actions that are frivolous or malicious, fail to state a claim, or sue an immune party for damages).

---

[2] Martin's consolidated amended complaint will supersede his original complaint.  Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982).

2

Turning to Martin's consolidated amended complaint, he identifies as Defendants, the United States Department of Agriculture ("USDA"), Allen Bowen with R.D.A., and Randal Corral with R.D.A. (Doc. 4 at 1). Martin has not advised the Court of what the acronym "R.D.A." represents although he does mention that it is a "federal mandate." (Id.). In the style of hid motion to proceed on plausibility, factual content, Martin's mentions "Rural Development." (Doc. 5 at 1). In the Court's research, various meanings were found for the R.D.A. acronym. Nevertheless, the Court did find a case that referred to the Rural Development Association. James Island Public Serv. Dist. v. City of Charleston, S.C., 249 F.3d 323, 326 (4th Cir. 2001) (referencing the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1926(b)(1994)).

Due to the brevity of Plaintiff's amended complaint (Doc. 4), the allegations are set out in their entirety below.

### COMPLAINT

> The undersigned allege Constitution amendment one protected right violation of *free speech. Sought pursuant to U.S.C.A. Constitution Amendment One.*

### CONCISE BRIEF FACTS

> The U.S.D.A is Federal mandate to *not fund or license any* application before review 106 has been put through process.

The R.D.A. is Federal mandate to *not fund or license any* application before review 106 has been put through process.

The U.S.D.A. *did fund/license* an application before Review 106 application process.

The R.D.A. *did fund/license* an application before Review 106 application process.

Review 106 "requires the "head of any Federal Agency" to comply with its provisions.

Neither U.S.D.A.or R.D.A. "head" comply with Review 106.

**SHORT STATEMENT SHOWING GROUNDS FOR JURISICTION**

Jurisdiction is sought *pursuant to Article III U.S. Constitution,* a U.S. District Court, having original Jurisdiction and venue.

**SHORT STATEMENT SHOWING PLEADER IS ENTITLED TO RELIEF**

The pleader is entitled to relief upon the ground *pursuant* to Constitution Amendment one *free speech violation*.

**RELIEF SOUGHT**

One-hundred percent (100%) of the Sheriff p.c. Percy Columbus "Lummie" Jenkins, Sheriff Prince Arnold Pinnacle jail ground. The jail ground that constitute more than 78 years, of law enforcement wilcox history.

A "soaring Monolith" Obleisk, etched n rock and written n rock to the murderees, and heinous murdering lawmen of Wilcox Alabama.  Inscribed to Mr. Robert Smiley of Coy Alabama, Mr Will Martin Sr. of Camden, both murdered by Edmund Tate sheriff deputy of Coy Alabama, Mr. Leo Hill, who was hung

4

> by sheriff deputies, Mr Ross (Sugar Duke) Pledger who was murdered by Robert Rogers Camden police officer, Mr Stanley Perkins of Pine Hill, who was murdered by Hicks a Pine Hill policeman, Mr. Herbert Cole of Camden, who was murdered by a Camden policeman, etc. etc.
>
> A monetary sum to awarded 2 the plaintiff significant to compensate for the loss of Aesthetic, Architectural, Character, Culture, Economic, Education, Energy, Heritage and Inspiration which r benefits that were stolen via *free speech violation.*

(Doc. 4 at 1-2).

As noted *supra*, along with Martin's amended complaint (Doc. 4), he filed a motion to proceed on plausibility, factual content (Doc. 5), the substance of which is also set out below.

> The defense did violate a due process *public law*, mandated for public involvement *free speech* (expression), law 89-665.
>
> § Initiation of this sub-part is mandatory!
>
> § (e) Public Involvement. This sub-part allows for *free speech* (expression) Mandatory!
>
> The defense both are required to implement law sub-part. Because both defendant did not conform to the sub-part, the plaintiff constitution first amendment *protected right* is violated. To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp., v, Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

> "A claim has facial plausibility when the plaintiff pleads factual conttent that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Igbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009)
>
> The pleader plain statement with factual content bears the burden of proof the plaintiff is entitled to relief above the speculative level.  That is, "[F]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement' possess[ing] enough heft to 'sho[w] the pleader is entitled to relief" Twombly, 550 U.S. at 555, 557, 27 S.Ct.
>
> Public law 89-665 applies to Federal agencies. Section 106 of the *public law* violated that prompted *free speech* violation requires the "head of any Federal Agency to comply with its provisions.  Cabinet Level Departments, such as the Department of the Interior, or the Department of Housing and Urban Developement; their sub agencies, such as the army Corp of Engineers, or the Forest Service of the Department of Agriculture; and independent agencies, such as the Federal Energy Regulatory Commission, must all comply. Routinely responsibility for compliance is delegated from agency head to regional officials and project managers. Section 106 applies only to Federal agencies, not to state or local governments unless they are acting as the Federal agency" under a specific Federal law.  42 U.S.C. § 5304 (1994); 16 U.S.C. § 470w(7)(D) (1994).

(Doc. 5 at 1-3).

Additionally, Martin has filed a motion to amend his complaint, which provides as follows: "This motion is to amend the **ORDER** (Doc. 3). This claim is *sought pursuant to 28 U.S.C. Section 1343 as amended.*" (Doc. 7).

**II. Analysis.**

    **A. Jurisdictional Pleading Requirements.**

In a federal action, it is incumbent on a plaintiff to state in his complaint the basis for the federal district court's subject matter jurisdiction. FED.R.CIV.P. 8(a)(1). In the complaint, a plaintiff must plead "a short and plain statement of the grounds upon which the court's jurisdiction depends." Id. And, the complaint's facts must affirmatively demonstrate the existence of the Court's subject matter jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Because a federal court's jurisdiction is limited, "once a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000).

    **B. Lack of Subject Matter Jurisdiction.**

In the consolidated amended complaint, Martin references 28 U.S.C. § 1343 (Doc. 7), federal law, a federal agency, the United States Constitution, and the First Amendment. Section

7

1343 is the only jurisdictional statute mentioned in the consolidated amended complaint; however, Martin has not specified the subpart of § 1343 that he claims provides a jurisdictional basis for his claims. As best the Court can discern, the subparts that are most consistent with Martin's allegations are (a)(3) and (4), which provide:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> . . . .
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.
>
> . . . .

28 U.S.C. § 1343(a)(3)&(4). Section 1343(a)(3) serves as the jurisdictional basis for a claim under 42 U.S.C. § 1983. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 615, 99 S.Ct. 1905, 1915, 60 L.Ed.2d 508 (1979) ("[T]his Court[] recogni[zes] that the [§1343(a)(3)] is the jurisdictional

counterpart of [§ 1983]."); Barker v. Norman, 651 F.2d 1107, 1112 n.3 (5th Cir. July 30, 1981)(same);[3] Ortega v. Schramm, 922 F.2d 684, 688 (11th Cir. 1991) (Section 1343 authorizes "federal courts to entertain section 1983 claims"). However, because Martin has not alleged that any defendant acted under color of state law, subpart (a)(3) does not provide a jurisdictional basis for this action.

With respect to § 1343(a)(4), "the Congress that enacted § 1343(4)[4] was primarily concerned with providing jurisdiction for actions dealing with the civil rights enumerated in 42 U.S.C. § 1985, and most notably the right to vote." Chapman, 441 U.S. at 620-01, 99 S.Ct. at 1917-18 (§ 1343(a)(4)'s jurisdiction "is not limited to actions against state officials or individuals acting under color of state law."). Section 1343(a)(4) is "aimed at questions of personal liberty rather than property matters[.]" McCall v. Shapiro, 416 F.2d 246, 250 (2d Cir. 1969).

---

[3] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] Amendments to § 1343 in 1979 designated the statute's existing provisions into subpart (a). See 28 U.S.C. § 1343; Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 107 n.4, 110 S.Ct. 444, 449 n.4, 107 L.Ed.2d 420(1989).

"Section 1343 . . . confer[s] jurisdiction upon the District Court to entertain the constitutional claim if it [i]s of sufficient substance to support federal jurisdiction." Hagans v. Lavine, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).  However, "[f]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  Id. at 536, 94 S.Ct. at 1379.  A federal "'question, may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court . . . to foreclose the subject. . . .'"  Id. (citations omitted).  A court's subject matter jurisdiction does not extend to a cause of action that is not valid, as compared to one that is arguable. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'") (citations omitted).

Because Martin is proceeding pro se and appears not to be an attorney, his allegations are given a liberal construction.

Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). And, the Court is treating his allegations as true. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action[.]" GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662 (2009).

In pleading a complaint in federal court, Rule 8(a) of the Federal Rules of Civil Procedure also requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); FED.R.CIV.P. 8(a)(2). This statement must contain facts that allow the Court to reasonably conclude that the plaintiff's claim is facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The plaintiff's factual allegations must be sufficient "to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. Even though detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 127 S.Ct. at 1949. Moreover, it will

11

not suffice to plead merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.

In the present action, Martin claims Defendants violated his free speech rights, but he does not allege facts that reflect a violation of his free speech rights. He references "Review 106," which the Court was unable to find, particularly in conjunction with a federal statute except for Plaintiff's prior action, Martin v. Alabama Historical Comm'n, No. 2:13-CV-648-MEF-WC, 2014 WL 28850 (M.D. Ala. Jan. 2, 2014) (unpublished), which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[5] Martin also refers to Public Law 89-665, which was codified in 16 U.S.C. §

---

[5] Previously, Plaintiff brought other actions, to-wit: Martin v. City of Camden, 2:92-cv-00393-CB-M (S.D. Ala. Apr. 18, 1994) (defendants granted summary judgment); Martin v. Teledyne, 2:95-cv-00464-RV-M (S.D. Ala. Apr. 30, 1996) (defendants granted summary judgment); Martin v. Norment/Compudyne, 2:01-cv-01522-MHT-VPM (M.D. Ala. Aug. 8, 2003 (defendants granted summary judgment in Title VII case); Martin v. City of Camden, 2:04-cv-00406-MEF-SRW (M.D. Ala. Sept. 28, 2006) (settlement in FSLA class action); Martin v. Kelly Aerospace, 2:09-cv-00513-WKW-SRW (M.D. Ala. June 16, 2010) (settlement of job-termination-related claims); Martin v. Wilcox County, Ala., 2:13-cv-00572-WS-B (S.D. Ala. Mar. 21, 2014) (dismissal pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim under the National Historic Preservation Act); and Martin v. The Alabama Historical Comm'n, 2:13-cv-00648-MEF-WC (M.D. Ala. Jan. 2, 2014) (dismissal pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim under the National Historic Preservation Act of 1966 and National Environmental Policy Act of 1969).

470 (National Historic Preservation), parts of which have been repealed or transferred. And, he refers to 42 U.S.C. § 5304, a lengthy statute concerning community development. However, he has provided no facts to support a claim under any of these legal provisions.

Moreover, Martin's allegations do not present a coherent claim. The allegations nearest to conveying concrete facts are found in the section titled "Relief Sought." (Doc. 4 at 2). Nonetheless, this disjointed information is not organized so as to convey an intelligible claim, much less a claim demonstrating a violation of his civil rights. More important, the allegations do not convey an injury to Martin connected to a specific act from each Defendant. Indeed, based on Martin's allegations, the Court cannot discern a violation of his civil rights on which its jurisdiction under 28 U.S.C. § 1343(a)(4) could be based.

Given the absence of a plain statement of a cogent claim for a violation of Martin's civil rights, the Court finds that the claims in his consolidated amended complaint are insubstantial so as to preclude this Court from exercising its jurisdiction over this action under 28 U.S.C. § 1343(a)(4).

**III. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction. Blankenship v. Gulf Power Co., 551 F. App'x 468, 471 n.2 (11th Cir. 2013)(finding that patently frivolous claims were due to be dismissed without prejudice for lack of subject matter jurisdiction, not for failure to state a claim).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **24th** day of **August, 2015.**

                                          /S/ SONJA F. BIVINS
                                **UNITED STATES MAGISTRATE JUDGE**